The Memorandum Decision and Order below is hereby
signed.  Dated: August 22, 2008.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| KURT E. AUSTIN, | ) | Case No. 08-00117 |
| | ) | (Chapter 13) |
| Debtor. | ) | **Not for Publication in** |
| | ) | **West's Bankruptcy Reporter** |

MEMORANDUM DECISION AND ORDER RE
<u>OBJECTION TO CLAIM OF DEBTOR'S FORMER SPOUSE</u>

The debtor has filed an objection to Claim Number Four, a proof of claim filed by the debtor's former spouse, Shaunese Singleton.  That claim is for $5,304.80.  Its two exhibits show that the $5,304.80 consists of two components:

• first, an Affidavit of Arrears filed in the state court shows a claim of $1,210.00 for arrears in child support, and,

• second, the Decree of Divorce issued by the state court not only established the obligation to pay child support of $580.00 per month but also imposed an obligation to pay Singleton $4,094.80 for reimbursement of legal expenses incurred by Singleton in the divorce proceeding she brought against the debtor (the result

>    of an award of $5,000.00 in legal expenses less a
>    credit for $905.20 already paid).

In an apparent effort to clarify that her proof of claim is indeed for those two amounts, Singleton filed two new proofs of claim, one for the child support arrears of $1,210.00, and the other for the legal expense reimbursement claim of $4,094.80. The chapter 13 trustee has objected to those two new proofs of claims on the basis that they are a duplicate of the claims asserted in Claim Number Four, and it is anticipated that Singleton will not contest that the new proofs of claims are indeed duplicative of Claim Number Four.

The debtor's only objection to Claim Number Four is that the child support arrears stood at only $1,210.00, not $5,304.80, and that the debtor does not owe more than $1,210.00 as reflected in the Affidavit of Arrears.[1]  The debtor may not have realized that

---

[1] The Affidavit of Arrears shows that the $1,210.00 child support arrears includes $260.00 and $290.00 for, respectively, February and March 2008.  The debtor filed his petition on February 20, 2008.  The debtor, however, has not objected to the proof of claim on the basis that the arrears claim, in part, was not a matured claim as of the petition date.  Specifically, he has not objected that the claim, to that extent, should be disallowed on the basis that it is a "claim . . . for a debt that is unmatured on the date of the filing of the petition and that is excepted from discharge under section 523(a)(5) of this title" within the meaning of 11 U.S.C. § 502(b)(5).  As a practical matter, the debtor is required to pay the child support arrears, and Singleton, by reason of filing her proof of claim, appears to be content to have the debtor pay through his plan (instead of directly to Singleton) any portion of the $1,210.00 that first became payable after the date of the filing of the petition.

Singleton was asserting a claim of $4094.80 for reimbursement of legal expenses in addition to the claim for child support arrears.  Even if the debtor *is* asserting that he does not owe the asserted debt of $4,094.80 for reimbursement of legal expenses, the proof of claim is prima facie correct, and the debtor has filed no affidavit to rebut Singleton's claim of $4,094.80 for reimbursement of legal expenses.  It is thus

ORDERED that by September 8, 2008, the debtor shall file an affidavit or affidavits rebutting the prima facie correctness of Singleton's claim that she is owed $4,094.80 for reimbursement of legal expenses, and that if the debtor fails to do so, the objection to that part of Singleton's claim will be overruled. It is further

ORDERED that in the interim, the claim is allowed in the amount of $1,210.00 with respect to the claim for child support arrears.

[Signed and dated above.]

Copies to: Debtor; Debtor's attorney; Chapter 13 Trustee; and Shaunese Singleton, 2134 Minstrels Way, Fort Mills, SC 29707-7784

3